The opinion of the court was delivered by

Mr. Justice Colcock.

In this case the plaintiff’s motion must succeed, on the grounds stated in his brief. It is conceived that there is in fact no variance; the letters “8c Co.” have no signification in legal proceedings. They can amount to no definite description of person; nor indeed are they evidence that there were any other parties to the suit than the one specifically named. ,If indeed there were any such other parties, all the rules of pleading require that they should be named. But if the words are permitted to receive their usual meaning, it would not be fatal; for the action is not founded on the Exon. The complaint is that a trespass has been committed; and if it had been committed at the instance of several, all of whom would have been liable, yet it does not.follow that the injured party must sue them all; each is answerable; and therefore, it is not a místate- *489 snent to say that a trespass was committed by one, when that one was accompanied by others. It is sufficient however, that the letters are considered as unmeaning.
But the defendant contends that there is another ground of non-suit which the court must take notice of; for if the case were sent back, the motion might still be made on that ground; and if supportable, the court should determine it here and put an end to the litigation of the parties. It is that the -action is misconceived; that it should have been trespass and not case; and. this presents to the plaintiff an insurmountable difficulty. I lay it down as a general rule that where the act is illegal, and the injury proceeds directly from the act — trespass is the proper ación; for although there is no actual force, yet in all illegal acts there is an implied force, and all illegal acts are contra pacem. Here the arrest was illegal; the process was irregular and void: the party is therefore entitled to his remedy; against whom shall he proceed.1' not against the officer, because he could not enquire into the regularity of the process. On its face, it appeared to be in usual form: he must then proceed to the source from whence the process proceeded, which is the plaintiff who caused the ca. sa. to issue. It is objected that he was not,personally present; theafect therefore as to him was not immediate; but the answer is, the execution is the instrument which inflicts injury, and the officer is the medium through which it passes. The defendant gave the impetus and he is constructively present. As in the case of the squib, or in the case of man who shoots from a house and hits another at the distance of 200 yards; though not on the spot, he sends a messenger who inflicts the injury, and the act as to him is immediate and direct. 1st Esp. Dig. part 2nd. p 193. And the principle was decided in the case of Kelly and Rembert; Ante 65, and the case of Parsons, vs. Loyd; reported in 2nd Black. 845, but more at large in '3rd. Wilson, 371, is directly in point; in which all the Judge? concur that trespass is the proper action. The motion for non-suit is therefore granted. .